IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASTER WOODCRAFT CABINETRY, LLC, MCW INDUSTRIES, LLC, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00098-JRG |
| HERNANDEZ CONSULTING, INC., HERNANDEZ CONSULTING & CONSTRUCTION, | § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Master WoodCraft Cabinetry, LLC and MCW Industries, LLC's (collectively, "Plaintiffs") Opposed Motion to Remand (the "Motion"). (Dkt. No. 3). Having considered the Motion and the subsequent briefing, the Court fidns that the Motion should be **DENIED**.

### I.    PROCEDURAL HISTORY

Plaintiffs filed a lawsuit against Hernandez Consulting, Inc. and Hernandez Consulting & Construction (collectively, "Defendants") in the 71st Judicial District Court of Harrison County, Texas seeking damages for breach of contract and quantum meruit. (Dkt. No. 1-1; Dkt. No. 3 at 3). Defendants then removed the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1 ¶¶ 2, 7, 8). Plaintiffs then filed the instant Motion, asking this Court to remand the case to the 71st Judicial District Court of Harrison County, Texas in light of Defendants' alleged waiver of their federal statutory right of removal. (Dkt. No. 3).

## II. BACKGROUND

Plaintiffs and Defendants entered into several written agreements for a project in New Orleans, Louisiana. (Dkt. No. 1-1). The document most relevant to resolving the instant Motion is the Master WoodCraft Cabinetry Credit Application (the "Credit Application"). (Dkt. No. 3-3). The Credit Application was executed on August 6, 2020 by Defendants' Chief Finance Officer, Mr. Michael Soileau. (Dkt. No. 3-3). In the Credit Application, Defendants agreed to the following:

> In consideration of the extension of credit to the [Defendants, i.e. the] Purchaser by MWCC/MCW Ind., if credit is extended, Purchaser agrees that this transaction is consumed in Harrison County, Texas and agrees that jurisdiction and venue for any suit arising out of any relationship between Purchaser and MWCC/MCW Ind. under any theory of law or any cause of action shall be only in the appropriate County or State Court in Harrison County, Texas and Purchaser expressly agrees and consents to jurisdiction and venue in said State and County. In further consideration of the extension of credit by Seller to Purchaser, the Purchaser expressly agrees that no removal to any United States District Court or transfer of venue (Federal or State) shall ever be sought by Purchaser and Purchaser hereby waives any objection to in personam jurisdiction and venue and agrees to make no request to transfer any suit to any other Court, other than the appropriate County or State Court in Harrison County, Texas.

(Dkt. No. 3-3) (herein referred to as the "Removal Provision"). Plaintiffs rely on this provision to argue that Defendants' removal to this Court was improper. The Court addresses that argument herein.

## III. LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2011) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 144 S.Ct. 1673 (1994)). A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Therefore,

"any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F.Supp. 748, 750 (N.D. Tex. 1992). The party seeking removal has the burden of proving federal subject matter jurisdiction. *Willy*, 855 F.2d at 1164. However, when removal is opposed based on a contractual agreement, rather than subject matter jurisdiction, the party seeking to remand the case back to state court must show the intentional relinquishment of the removal right. *See Huntsman Corp. v. Int'l Risk Ins. Co.*, No. H-08-1542, 2008 WL 4453170, at *21 (S.D. Tex. Sept. 26, 2008) (citing *N. Am. Specialty Ins. Co. v. Debis Fin. Servs., Inc.*, 513 F.3d 466, 470 (5th Cir. 2007)).

## IV. DISCUSSION

Plaintiffs' remand arguments rely solely on the Removal Provision of the Credit Application.[1] Plaintiffs argue that Defendants waived their right to remove this case to federal court in the Credit Application by agreeing that "***[i]n further consideration of the extension of credit by Seller to Purchaser***, the Purchaser expressly agrees that no removal to any United States District Court or transfer of venue (Federal or State) shall ever be sought by Purchaser."[2] (Dkt. No. 3 at 3) (emphasis added).

Defendants respond that "Plaintiffs have offered no evidence that any credit was extended under the Credit Application."[3] (Dkt. No. 6 at 4). Therefore, Defendants argue, the Removal Provision in the Credit Application is unenforceable. (*Id.*).

---

[1] Plaintiffs do not dispute that diversity jurisdiction is satisfied. (*See generally* Dkt. No. 3). The only dispute is whether Defendants waived their federal statutory right of removal.

[2] Plaintiffs also cite to a similarly worded provision in a quote it provided to Defendants. (Dkt. No. 3-4 ¶ 9). Notably, the "Purchaser" signature field is blank. (Dkt. No. 3-4 at 1). Accordingly, the Court declines to find Defendants waived their statutory right to removal in the unexecuted quote Plaintiffs submitted with the Motion.

[3] Defendants also put forth numerous arguments on public policy, choice of law, and contract interpretation. Although these are important questions that will need to be addressed in due course, the Court's analysis at this stage is jurisdictional—i.e., whether the case was properly removed to federal court.

The Court agrees with Defendants. The waiver in the Removal Provision is clearly conditioned on Plaintiffs extending credit to the Defendants. In other words, the waiver did not take effect upon Defendants' signing of the Credit Application, but rather it was part of the bargained-for by exchange that Defendants would forego *in the event* Plaintiffs actually advanced credit to the Defendants.[4] The Credit Application is just that—an application. It contains no indicia that it is offering or approving any credit to Defendants. Plaintiffs have offered no evidence that they ever extended Defendants credit as a result of this Credit Application—a necessary condition to the plain language of the removal waiver in the Removal Provision. Plaintiffs have therefore failed to show that Defendants' intentionally relinquished their federal statutory removal right. Given there is no dispute that diversity jurisdiction is met, the Court finds that Plaintiffs have failed to show that removal was waived under the Removal Provision. Jurisdiction in this Court is therefore proper.

In their opposition, Defendants ask the Court to dismiss this case without prejudice in light of the pending litigation between the parties in state court in New Orleans, Louisiana. Defendants have not filed a motion to dismiss, and the Court declines to consider such absent a formal motion and thorough briefing on the issue.

## V. CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to remand this case to the 71st Judicial District Court of Harrison County, Texas is **DENIED**. To the extent Defendants' opposition is

---

[4] This is true whether or not the Removal Provision is incorporated in future agreements between the parties. There is a significant dispute between the parties on whether the Removal Provision—and many other provisions—are enforceable because they have not been incorporated by subsequent agreements. These are important questions that will need to be answered at some point during this case. However, given that the Removal Provision is Plaintiffs' sole argument in support of its Motion to remand this case to state court and the Court finds that argument unpersuasive, the Court need not resolve such complicated issues of contract interpretation in assessing whether it has subject-matter jurisdiction.

construed as a motion to dismiss, Defendants' request is **DENIED-WITHOUT-PREJUDICE**, with no prejudice to subsequent appropriate motion practice.

**So ORDERED and SIGNED this 20th day of May, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE