IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASTER WOODCRAFT CABINETRY, LLC, MCW INDUSTRIES, LLC, <br><br>*Plaintiffs*, <br><br>v. <br><br>HERNANDEZ CONSULTING, INC., HERNANDEZ CONSULTING & CONSTRUCTION, <br><br>*Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:22-CV-00098-JRG |

## ORDER

Before the Court is Master WoodCraft Cabinetry, LLC and MCW Industries, LLC's (collectively, "Plaintiffs") Motion for Reconsideration of Denial of Motion to Remand (the "Motion"). (Dkt. No. 8). Having considered the Motion and the subsequent briefing, the Court finds that the Motion should be **DENIED**.

I.     **BACKGROUND**

Plaintiffs originally moved to remand this case to the 71st Judicial District Court of Harrison County, Texas. (Dkt. No. 3). Plaintiffs argued that Defendants Hernandez Consulting, Inc. and Hernandez Consulting & Construction (collectively, "Defendants") waived their federal statutory right to remove this case to federal court in a contract. (*Id.*). The Court reviewed both the pleadings and the evidence submitted with the briefing. (Dkt. No. 7). The Court found "Plaintiffs have offered no evidence that they ever extended Defendants credit as a result of this Credit Application." (*Id.* at 4). The Court concluded that "Plaintiffs have therefore failed to show that Defendants[] intentionally relinquished their federal statutory removal right". (*Id.*). Plaintiffs' Motion for Reconsideration now seeks to advance a new argument: that Defendants' agreement to

make payment within thirty days is in fact credit. (Dkt. No. 8). As explained below, this new argument is improper for a motion for reconsideration, given that it could have been made earlier.

## II.   LEGAL STANDARD

Under Rule 59(e), a party can move the Court to amend an order or judgment within 28 days of entry. Fed. R. Civ. P. 59(e). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (internal citations omitted). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Given that "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal citations omitted). Accordingly, relief under Rule 59(e) is appropriate only when (1) there is a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) there would otherwise be manifest injustice; or (4) there is an intervening change in controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). As a result, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III.   DISCUSSION

The basis for Plaintiffs' Motion is that Plaintiffs did "extend credit" to Defendants. (Dkt. No. 8 at 3). Plaintiffs contend that "[t]o 'extend credit' in its simplest form is to allow a borrower to pay for goods or services after they are delivered or rendered." (*Id.*). Not only do Plaintiffs fail to cite any authority for this understanding of "extending credit," Plaintiffs also fail to articulate

an appropriate basis under Rule 59(e) for which they seek reconsideration.[1] After reviewing Plaintiffs' Motion, the only discernable argument for Plaintiffs' Motion is that there is "newly discovered or previously unavailable evidence." However, Plaintiffs' Motion does not put forth newly discovered **evidence**[2]—only a new **argument**. Such does not fall into any of the enumerated categories for which a motion for reconsideration is appropriate. Accordingly, the Court rejects Plaintiffs' request for reconsideration.

IV.   CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion is **DENIED**.

**So ORDERED and SIGNED this 27th day of June, 2022.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' Motion omits any discussion of Rule 59(e) and fails to connect the facts to the legal standard the Court is to apply. This is largely unhelpful.

[2] To be clear, new evidence *alone* is not enough under Rule 59(e). As Defendants correctly note (Dkt. No. 10 at 4), evidence that was available to Plaintiffs at the time of filing their original motion cannot be the basis for their Motion for Reconsideration. *Schiller*, 342 F.3d at 569.